**FILED**
**United States Court of Appeals**
**Tenth Circuit**

## UNITED STATES COURT OF APPEALS

### FOR THE TENTH CIRCUIT

**May 25, 2022**

**Christopher M. Wolpert**
**Clerk of Court**

_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

JUAN MANUEL CORTEZ-DIAZ,

    Defendant - Appellant.

No. 21-3216
(D.C. No. 2:11-CR-20031-JWL-1)
(D. Kan.)

_____

### ORDER AND JUDGMENT[*]
_____

Before **MORITZ**, **BRISCOE**, and **CARSON**, Circuit Judges.
_____

Proceeding pro se, Juan Cortez-Diaz appeals an order denying his motion for a

reduced sentence under 18 U.S.C. § 3582(c)(1)(A).[1] For the reasons set out below,

we affirm.

A jury convicted Cortez-Diaz of several drug offenses stemming from his role

in an interstate methamphetamine operation. Even though Cortez-Diaz had no prior

---

[*] After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. _See_ Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. But it may be cited for its persuasive value. _See_ Fed. R. App. P. 32.1(a); 10th Cir. R. 32.1(A).

[1] We construe Cortez-Diaz's pro se brief liberally, but we do not act as his advocate. _Yang v. Archuleta_, 525 F.3d 925, 927 n.1 (10th Cir. 2008).

convictions, his recommended sentence under the United States Sentencing Guidelines (the Guidelines) was life in prison, based primarily on the weight and purity of the drugs involved and the application of several offense-level enhancements. The district court ultimately imposed the recommended Guidelines sentence of life in prison, and we affirmed that sentence as procedurally and substantively reasonable. *See United States v. Cortez-Diaz*, 565 F. App'x 741, 750 (10th Cir. 2014) (unpublished). Seven years later, in 2021, Cortez-Diaz filed the motion at issue in this appeal, alleging that "extraordinary and compelling reasons" warranted a reduction in his sentence. § 3582(c)(1)(A). The district court disagreed and denied the motion, and Cortez-Diaz appeals.[2]

Cortez-Diaz argues that the district court abused its discretion in denying his § 3582(c)(1)(A) motion. *See United States v. Mannie*, 971 F.3d 1145, 1155 (10th Cir. 2020) (reviewing denial of sentence-reduction motion for abuse of discretion). To reduce a defendant's sentence under § 3582(c)(1)(A), the district court must find that

---

[2] Notably, the district court bypassed the government's threshold argument that Cortez-Diaz failed to exhaust administrative remedies, *see* § 3582(c)(1)(A), reasoning that it need not address the argument because exhaustion is not a jurisdictional requirement. Although we have since confirmed that exhaustion is nonjurisdictional, we made clear that it remains a mandatory claims-processing rule. *See United States v. Hemmelgarn*, 15 F.4th 1027, 1030–31 (10th Cir. 2021). Accordingly, the district court should have addressed exhaustion when the government properly invoked it below. *See Hamer v. Neighborhood Hous. Servs. of Chicago*, 138 S. Ct. 13, 17 (2017) ("If properly invoked, mandatory claim-processing rules must be enforced."). Nevertheless, we resolve this appeal on the merits (as the district court did) because the government declined to file a brief on appeal and thus waived the exhaustion issue. *See Hemmelgarn*, 15 F.4th at 1031 (treating exhaustion argument as waived and reaching merits because government did not renew it on appeal).

a reduction is (1) justified by "extraordinary and compelling reasons"; (2) "consistent with applicable policy statements issued by the Sentencing Commission"; and (3) supported by "the factors set forth in [18 U.S.C.] § 3553(a), to the extent that they are applicable." *United States v. McGee*, 992 F.3d 1035, 1042 (10th Cir. 2021). Here, the district court determined that Cortez-Diaz failed the first requirement because he alleged no extraordinary and compelling reasons to reduce his sentence. We agree.

As in the district court, Cortez-Diaz primarily argues that an intervening change in law justifies a reduced sentence. Specifically, he notes that a few years after he was sentenced, Congress lowered the mandatory minimum prison term for some drug offenses from life to 25 years. *See* First Step Act of 2018, Pub. L. No. 115-391, § 401, 132 Stat. 5194, 5220–21 (2018) (amending 21 U.S.C. § 841(b)(1)). But as the district court explained, that change does not affect Cortez-Diaz: His life sentence resulted from the application of the Guidelines, not a statutory mandatory minimum. Indeed, Cortez-Diaz could not have received the relevant mandatory minimum because it requires two prior felony convictions, *see* § 841(b)(1)(A), and he "had no countable criminal[-]history points," *Cortez-Diaz*, 565 F. App'x at 745 n.8. Since the intervening legal change Cortez-Diaz cites does not apply to him, the district court properly determined that such change does not qualify as an extraordinary and compelling reason to reduce his sentence.

Relatedly, Cortez-Diaz argues that the district court should have granted his motion based on a sentencing disparity created by the First Step Act. *See* § 3553(a)(6) (listing as one relevant sentencing factor "the need to avoid unwarranted

3

sentence disparities among defendants with similar records who have been found guilty of similar conduct"). In particular, he notes that he received a life sentence for his drug offenses despite having no criminal history, but after the First Step Act, defendants with at least two prior convictions may receive shorter sentences for the same offenses. This argument fails because, as in the district court, Cortez-Diaz "has not shown any sentencing disparity between him and any similarly situated individual." R. vol. 1, 168. To reiterate, Cortez-Diaz received a life sentence because of "the weight and purity of the [drugs]" attributed to him and the application of several offense-level enhancements. *Id.* at 167. And he identifies no defendants—with or without prior convictions—who received lesser sentences for similar conduct. *See United States v. Garcia*, 946 F.3d 1191, 1215 (10th Cir. 2020) (rejecting similar argument when defendant did not point to any similarly situated defendants). The district court therefore did not err in rejecting Cortez-Diaz's sentencing-disparity argument, and we likewise reject it.

Aside from an intervening change in law and purported sentencing disparity, the only other circumstance Cortez-Diaz mentions is his "postconviction rehabilitation" efforts, particularly his prison employment. Aplt. Br. 14. A statute makes clear, however, that "[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason" for a sentence reduction. 28 U.S.C. § 994(t); *see also McGee*, 992 F.3d at 1043. Thus, Cortez-Diaz's rehabilitation, without more, does not support § 3582(c)(1)(A) relief.

4

In sum, because Cortez-Diaz offered no extraordinary and compelling reasons to reduce his sentence, the district court did not abuse its discretion in denying his § 3582(c)(1)(A) motion. We affirm.

Entered for the Court

Nancy L. Moritz
Circuit Judge